UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TSEKOU MITCHELL

                Plaintiff,

             vs.                                     **COMPLAINT**

THE CITY OF NEW YORK, a municipal entity,
POLICE OFFICER JAMES COPPOLA (shield # 11525),
POLICE OFFICER ENLIRAT GJEVUKAJ
(shield # 08576), POLICE OFFICERS JOHN DOE
and RICHARD ROE (names and number of whom
are unknown at present), and other unidentified members
of the New York City Police Department, New York City
Police Supervisors and Commanders RICHARD ROEs
1-50,

                                                  **JURY TRIAL**
                                                  **DEMANDED**
                Defendants
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the Plaintiff, TSEKOU MITCHELL, seeks relief for the Defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the United States Constitution, including its Fourth, Fifth, Sixth and Fourteenth Amendments. On August 28, 2015, Plaintiff was falsely arrested by the Defendants, members of the New York City Police Department (hereinafter "NYPD"), and maliciously prosecuted.

2.     Defendant City of New York (hereinafter "Defendant CITY") is liable for the individual Defendants' acts under the theory of *respondeat superior*. At the time of the incidents, they were acting under color of state law in the course and scope of their employment at Defendant CITY and/or the NYPD, an agency of Defendant CITY.

1

3.  As a result of the aforementioned constitutional violations, Plaintiff suffered emotional, mental and psychological pain and suffering, suffered damage to his reputation and incurred lost earnings.

## JURISDICTION

4.  This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

5.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

6.  Plaintiff is and was at all times relevant herein a resident of the State of New York.

7.  Defendant COPPOLA, shield # 11525, is and was at all times relevant herein a police officer, employee, and agent of the NYPD. On August 28, 2015, he was assigned to the 34th Precinct. He is being sued in his individual capacity.

8.  Defendant GJEVUKAJ, shield # 08576, is and was at all times relevant herein a police officer, employee, and agent of the NYPD. On August 28, 2015, he was assigned to the 34th Precinct. He is being sued in his individual capacity.

9. New York City Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD, are and were at all times relevant herein officers, employees and agents of the NYPD. Officers John Doe and Richard Roe are being sued herein in their individual capacities for their participation in the false arrest and malicious prosecution against Plaintiff.

10. New York City Police Supervisors and Commanders Richard Roes 1-50 are and were at all times relevant herein involved in the false arrest and malicious prosecution of Plaintiff. They are sued individually and in their official capacities for their participation in the false arrest and malicious prosecution of Plaintiff.

11. Each and all of the acts of the Defendants alleged herein were undertaken by said Defendants while acting in the course and scope of their duties and functions as agents, employees, and officers of Defendant CITY and/or the NYPD when engaging in the conduct described herein.

12. At all times relevant herein, Defendants acted for and on behalf of Defendant CITY and/or the NYPD in furtherance of their employment by Defendant CITY, with the power and authority vested in them as officers, agents and employees of Defendant CITY and/or the NYPD and/or incidentally to the lawful pursuit of their duties as officers, employees and agents of Defendant CITY and/or the NYPD.

13. Defendant CITY is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police

officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

14.     Plaintiff is student at Manhattanville College located in Purchase, New York. At the time of his false arrest (and at the present time) he was also a 2nd grade teacher employed by the New York City Department of Education.

15.     On August 28, 2015, Plaintiff was driving his father's vehicle from Peekskill, New York, where he lives with his father, mother and siblings, to Upper Manhattan.

16.     Plaintiff's father is a retired Sergeant in the Mount Vernon Police Department. He served over 15 years in the Mount Vernon Police Department and retired as a Sergeant in the Narcotics Division.

17.     On his way to Upper Manhattan, Plaintiff picked up two friends – Harvey Barnes and Jasmine Jackson. Mr. Barnes is gainfully employed. Ms. Jackson is a student. Her father is a detective in the New York City Police Department.

18.     Mr. Barnes was seated in the front passenger seat. Ms. Jackson was seated in the rear.

19.     Plaintiff, Mr. Barnes and Ms. Jackson intended to go to dinner in Upper Manhattan.

20.     While driving at about 7:00 p.m., in the vicinity of Seaman Avenue and Dykman Street, the Defendants stopped and pulled over Plaintiff's vehicle without any justified basis.

21.     The Defendants demanded the license and registration of Plaintiff.

22.     Plaintiff presented his license.

23. Plaintiff opened the glove box and removed the registration and presented it to the Defendants.

24. Plaintiff told the Defendants that his father was a retired member of law enforcement, and that the vehicle was owned by his father and registered to him.

25. While the Defendants inspected the license and registration, Plaintiff called his father. The Defendants ordered him to hang up.

26. Ms. Jackson called her father and informed her father that the Defendants had stopped Plaintiff's car for no reason and were not allowing them to leave.

27. The Defendants ordered Plaintiff out of the vehicle and to put his hands on top of the vehicle.

28. Plaintiff complied.

29. The Defendants patted Plaintiff down and frisked him.

30. The Defendants did not find any contraband on Plaintiff's person.

31. While patting and frisking Plaintiff, the Defendants ordered Mr. Barnes out the vehicle.

32. The Defendants patted Mr. Barnes down and frisked him.

33. The Defendants did not find any contraband on Mr. Barnes' person.

34. With both Plaintiff and Mr. Barnes out of the vehicle, the Defendants searched the vehicle and the glove box.

35. They did so without any legal justification.

36. Plaintiff did not consent to the search of the vehicle.

37. The Defendants claimed that they recovered a "gravity" knife from inside the

vehicle.

38. Plaintiff immediately denied possessing or having any knowledge of the knife that was allegedly recovered inside the vehicle

39. The Defendants then spoke with Plaintiff's father on Plaintiff's cell phone.

40. Plaintiff's father confirmed that he was a retired Sergeant and that the vehicle belonged to him.

41. The Defendants returned the registration, and Plaintiff's license to Plaintiff.

42. Ms. Jackson then began yelling at the Defendants, telling them that they were wrong for stopping Plaintiff and searching her friends without any reason.

43. Ms. Jackson demanded the names of the Defendants in order to make a complaint.

44. In response to her complaints, the Defendants arrested Plaintiff and placed him in their police vehicle and drove him to the 34th precinct for arrest processing.

45. Learning of his son's arrest, Plaintiff's father drove from Peekskill to the 34th Precinct.

46. At the precinct, the Defendants told Plaintiff's father that his son was arrested because "the girl (in the vehicle) was running her mouth."

47. Despite his lack of possession, the Defendants arrested Plaintiff for Criminal Possession of Weapon in the Fourth Degree. This was his first arrest.

48. Upon arrest, Plaintiff continuously denied possessing the knife or that he had any knowledge of the knife inside the vehicle.

49. Despite having no probable cause to arrest and prosecute Plaintiff, Defendant New York City Police Supervisors and Commanders Richard Roes 1-50, who were the supervising the

Defendants reviewed, approved, and ratified the arrest of Plaintiff.

50. After being held for several hours, Plaintiff was issued a desk appearance ticket and ordered to appear in New York Criminal Court on October 19, 2015.

51. Following his arrest, Plaintiff immediately contacted the New York City Department of Education and provided notice of his arrest. As a result, Plainitff, was suspended.

52. On October 19, 2015, Plaintiff appeared in New York Criminal Court. The prosecution was not ready.

53. Plaintiff was ordered to appear on November 12, 2015.

54. On November 12, 2015, Plaintiff appeared in New York Criminal Court. He was arraigned and released on his own recognizance.

55. After evaluating the charge and the circumstances of the arrest, the New York County District Attorney's Office moved to dismiss the case on December 16, 2015. The Honorable Kathryn S. Paek granted the motion by the prosecution.

### Plaintiff's Injuries and Damages

56. As a direct and proximate consequence of the aforementioned actions by the Defendants, Plaintiff:

    (1) Suffered severe emotional and mental anguish and pain;

    (2) Suffered psychological injuries;

    (3) Was denied his state and federal constitutional rights and liberties;

    (4) Was publicly shamed, disgraced, ridiculed and humiliated and suffered damage to his reputation;

(5) Incurred lost earnings;

(6) Incurred legal expenses;

(7) Continues to suffer from psychological injuries, emotional and mental anguish and pain; and

(8) Incurred other items of attendant damages.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 56 with the same force and effect as if more fully set forth at length herein.

58. The Individual Police Defendants who were acting within the scope of their employment, arrested and caused Plaintiff to be detained without probable cause in violation of Plaintiff's right to be free from an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Malicious Prosecution/Fourth Amendment Rights

59. Plaintiff repeat, reiterate, and reallege each and every allegation contained in paragraphs marked 1 through 58, with the same force and effect as if more fully set forth at length

herein.

60.     The acts and conduct of the Individual Police Defendants constitute malicious prosecution under the Fourth Amendment to the Constitution of the United States. The Individual Police Defendants commenced and continued a criminal proceeding against Plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to Plaintiff when on or about, December 16, 2015, all charges against Plaintiff were dismissed by the New York District Attorney's Office.

## JURY DEMAND

61.   Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

b.      For compensatory damages in an amount to be determined;

c.      For punitive damages in an amount to be determined;

d.      For reasonable attorneys' fees, together with costs and disbursements, pursuant to § 1988 and this Court's discretion;

e.      For pre-judgment interest as allowed by law; and

f.      For such other and further relief as this Court may deem just and proper.


DATED:    June 30, 2016
          New York, New York

                        Yours, etc.

                        By: Anthony Cecutti, Esq.
                        (AC 5867)
                        217 Broadway, Suite 707
                        New York, New York 10007
                        Ph: (212) 619-3730
                        Cell: (917) 741-1837

TO:   CITY OF NEW YORK
       c/o Corporation Counsel
       100 Church Street
       New York, New York 10007

       POLICE OFFICER JAMES COPPOLA (shield # 11525)
       34th Precinct
       4295 Broadway, New York, NY, 10033-3729

       POLICE OFFICER ENLIRAT GJEVUKAJ (shield # 08576)
       34th Precinct
       4295 Broadway, New York, NY, 10033-3729

## **ATTORNEY VERIFICATION**

State of New York  )
                   )  ss.:
County of New York )

ANTHONY CECUTTI, ESQ., an attorney duly admitted to practice before the courts of this district, affirms the following under penalty of perjury:

I am an attorney who represents the Plaintiff in this action. I have read the foregoing and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true. The reason this verification is made by me and not by the plaintiff is that she resides outside of New York County, the location of my offices.

_____
ANTHONY CECUTTI